IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAYMOND W. BELLIVEAU, | ) | |
| Plaintiff, | ) | 2:05-cv-01175-GEB-DAD |
| | ) | |
| v. | ) | STATUS (PRETRIAL |
| | ) | SCHEDULING) ORDER |
| THOMSON FINANCIAL, INC., and | ) | |
| DOES 1-50,[1] | ) | |
| | ) | |
| Defendant. | ) | |

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

The status (pretrial scheduling) conference scheduled in this case for August 22, 2005, is vacated since the joint status

---

[1] Since Plaintiff stated in the Joint Status Report ("JSR") that he "agree[s] to dismiss [Booker] Pearson from the lawsuit without prejudice, Booker Pearson is dismissed from this action without prejudice and the caption is amended accordingly.

report submitted by the parties obviates the need for the conference. The following Order issues based on the parties' joint status report and available dates.

DOE DEFENDANTS

The JSR indicates that "any effort to add a defendant in place of 'Doe' defendants shall be accomplished no later than August 31, 2005." Plaintiff has until August 31, 2005, to file a motion in which leave is sought under Fed. R. Civ. P. 15(a) to file an Amended Complaint which could add a party to this action. The motion must be noticed for hearing on the Court's earliest available law and motion date. If leave is not sought as stated, this will automatically effectuate dismissal of Does 1-50 from this action.

ADDED DEFENDANT'S OPPORTUNITY<br>TO SEEK AMENDMENT OF THIS ORDER

If Plaintiff substitutes a named defendant in place of a Doe defendant, a copy of this Order shall be served on that defendant concurrently with the service of process.

That defendant has 30 days after said service within which to file a "Notice of Proposed Modification of Status Order," which request is not required to meet the good cause standard, provided it is made within this 30-day period.

SERVICE OF PROCESS

No further service is permitted, except with leave of Court, good cause having been shown.

JOINDER OF ADDITIONAL PARTIES/AMENDMENT

No further joinder of parties or amendments to pleadings is permitted except with leave of Court, good cause having been shown.

1                            <u>DISCOVERY</u>

2          (a)  All discovery shall be completed by September 27, 2006.

3   In this context, "completed" means that all discovery shall have been

4   conducted so that all depositions have been taken and any disputes

5   relative to discovery shall have been resolved by appropriate orders,

6   if necessary, and, where discovery has been ordered, the order has

7   been complied with or, alternatively, the time allowed for such

8   compliance shall have expired.[2]

9          (b)  Counsel for Plaintiff shall comply with Federal Rule of

10  Civil Procedure 26(a)(2)'s initial expert witness disclosure and

11  report requirements on or before April 27, 2006, and counsel for

12  Defendant shall comply with those requirements by May 29, 2006.

13  Rebuttal expert disclosures authorized under the Rule shall be made on

14  or before June 29, 2006.

15                    <u>MOTION HEARING SCHEDULE</u>

16         The last hearing date for motions shall be November 27,

17  2006, at 9:00 a.m.[3]

18         All purely legal issues are to be resolved by timely

19  pretrial motions.  Motions shall be filed in accordance with Local

20  Rule 78-230(b).  Opposition papers shall be filed in accordance with

21  Local Rule 78-230(c).  <u>Failure to comply with this local rule may be</u>

22  _____

23         [2]    The parties are advised that the Magistrate Judges in the
    Eastern District are responsible for resolving discovery disputes.  <u>See</u>
24  Local Rule 72-302(c)(1).   Accordingly, counsel shall direct all
    discovery-related matters to the Magistrate Judge assigned to this case.
25  A party conducting discovery near the discovery "completion" date runs
    the risk of losing the opportunity to have a jurist resolve discovery
26  motions pursuant to the Local Rules.

27         [3]    This time deadline does not apply to motions for continuances,
28  temporary restraining orders, emergency applications, or motions under
    Rule 16(e) of the Federal Rules of Civil Procedure.

                                    3

1  deemed consent to the motion and the Court may dispose of the motion

2  summarily.  Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994).

3  Further, failure to timely oppose a summary judgment motion may result

4  in the granting of that motion if the movant shifts the burden to the

5  nonmovant to demonstrate a genuine issue of material fact remains for

6  trial.  Cf. Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995).  When the

7  last day for filing an opposition brief falls on a legal holiday, the

8  opposition brief shall be filed on the next court day immediately

9  following the legal holiday.  See Fed. R. Civ. P. 6(a).

10       Any party bringing a motion to dismiss, motion for summary

11  judgment or summary adjudication, motion for judgment on the

12  pleadings, or motion to remand shall attach to the motion a copy of

13  the latest complaint (or cross-complaint where applicable).

14       In determining any motion for summary judgment, the Court

15  will assume that the material facts as claimed in the movant's

16  Statement of Undisputed Facts and adequately supported by evidence are

17  admitted without controversy except to the extent that such material

18  facts are (1) disputed in the nonmovant's response to the movant's

19  Statement of Undisputed Facts, and (2) controverted by declaration or

20  other written evidence filed in opposition to the motion.  See L.R.

21  56-260(b); Nilsson, Robbins, et al., v. La. Hydrolec, 854 F.2d 1538,

22  1545 (9th Cir. 1988).  A party opposing a motion for summary judgment

23  must serve upon all parties and file with the Clerk of Court the

24  evidence upon which the opposing party will rely in opposition to the

25  motion in accordance with Local Rule 78-230(c).  Evidence not timely

26  filed by a party will not be considered.  See Marshall v. Gates, 44

27  F.3d at 725.

28

1    Absent highly unusual circumstances, reconsideration of a
2  motion is appropriate only where:

3    (1)   The Court is presented with newly discovered evidence
4  that could not reasonably have been discovered prior to the filing of
5  the party's motion or opposition papers;

6    (2)   The Court committed clear error or the initial decision
7  was manifestly unjust; or

8    (3)   There is an intervening change in controlling law.
9  A motion for reconsideration based on newly discovered evidence shall
10 set forth, in detail, the reason why said evidence could not
11 reasonably have been discovered prior to the filing of the party's
12 motion or opposition papers.  Motions for reconsideration shall comply
13 with Local Rule 78-230(k) in all other respects.

14    The parties are reminded that motions in limine are
15 procedural devices designed to address the admissibility of evidence
16 and are cautioned that the Court will look with disfavor upon motions[4]
17 presented at the final pretrial conference or at trial in the guise of
18 motions in limine.  The parties are further cautioned that if any
19 legal issue which should have been tendered to the Court by proper
20 pretrial motion requires resolution by the Court after the established
21 law and motion cut-off date, substantial sanctions may be assessed for
22 the failure to file the appropriate pretrial motion and/or the Court
23 may elect not to decide the motion and to treat it as untimely.  See
24 U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099,
25 1104 (9th Cir. 1985) (affirming district court's denial of untimely
26 motion since "pretrial order controls the subsequent course of action

27

28    [4]   Such motions include contentions under the collateral estoppel
or res judicata doctrines.

5

unless modified by a subsequent order"), <u>rejected</u> <u>on</u> <u>other</u> <u>grounds</u>,

<u>Simpson v. Lear Astronics Corp.</u>, 77 F.3d 1170, 1174 (9th Cir. 1995);

<u>Dedge v. Kendrick</u>, 849 F.2d 1398 (11th Cir. 1988) (same).

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for January 22, 2007, at 2:30 p.m.  The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference.  In addition, all persons representing themselves and appearing <u>in</u> <u>propria</u> <u>persona</u> must attend the pretrial conference.

The parties shall file a <u>JOINT</u> pretrial statement with the Court not later than seven (7) days prior to the final pretrial conference.[5]  The Court uses the parties' joint pretrial statement to prepare its final pretrial order.  The final pretrial order supersedes the pleadings and controls the facts and issues which may be presented at trial.  Issues asserted in pleadings which are not preserved for trial in the final pretrial order cannot be raised at trial.  <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action."); <u>Valley Ranch Dev. Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an issue omitted from the pretrial order is waived, even if it appeared in the pleading); <u>cf.</u> <u>Raney v. District of Columbia</u>, 892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order to allow assertion of a

---

[5]     The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

previously-pled statute of limitations defense); <u>Olympia Co. v.</u>
<u>Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D. La. 1984) (indicating that
"[a]ny factual contention, legal contention, any claim for relief or
defense in whole or in part, or affirmative matter not set forth in
[the pretrial statement] shall be deemed . . . withdrawn,
notwithstanding the contentions of any pleadings or other papers
previously filed [in the action]").

The following provisions of Local Rule 16-281 shall apply
with respect to the matters to be included in the joint pretrial
statement:  (b)(1), (b)(2),[6] (b)(3), (b)(5), (b)(9), (b)(10),
(b)(11),[7] (b)(12) to and including (b)(21), and (c).

The subject matter in Local Rule 16-281(b)(4), (b)(7), and
(b)(8) shall be combined in a single section titled "Factual, Legal
and/or Equitable Contentions."[8]  In the "Factual, Legal and/or
Equitable Contentions" section, the parties shall number or
alphabetize each individually-pled cause of action and pled

[6]     In this section of the joint pretrial statement the parties
must specify what the judge is expected to decide and what the jury is
expected to decide.  For instance, if the judge is expected to make a
ruling after the jury decides factual disputes, the factual issues to be
submitted to the jury shall be specified.

[7]     In <u>separate attachments</u> to the joint pretrial statement each
party shall list all witnesses and each exhibit individually that the
party intends to offer at trial.  Plaintiff's exhibits shall be listed
numerically; defendant's exhibits shall be listed alphabetically.

[8]     If there are no legal or equitable contentions, the title
shall reflect only what is at issue.  The requirement in (b)(8) is
modified since a party only needs to state sufficient law to show
viability of an issue.  But it must be clear whether precise federal or
state law governs.  If state law governs, the state whose law is
applicable must be specified.  Since the governing law is stated in
conjunction with the elemental facts to establish a pled claim or
defense, there is no need for a separate statement of disputed factual
issues required by (b)(4).  The relief sought, referenced in (b)(7),
shall follow the issue or issues giving rise to that relief.

affirmative defense to preserve the issue for trial. **Each pled claim or affirmative defense must be accompanied by the elemental facts supporting it and the relief sought, if applicable. For example: Plaintiff claims that Defendant violated her Fourth Amendment right to be free from excessive force by applying the handcuffs too tight and seeks general damages.** If the parties disagree about the inclusion of an issue in this section, that issue shall be followed by the title "Controversy", under which the parties' respective positions on the issue shall be stated. The parties are warned that the "Factual, Legal and/or Equitable Contentions" section of the joint pretrial statement could be used to specify the issues preserved for trial in the pretrial order, and that order could issue without the Court holding the scheduled final pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").

        The parties are further warned that "since [the] process [of having them delineate trial issues] is designed to promote efficiency and conserve judicial resources, 'there is no reason to require that the elimination of non-trialworthy claims await a formal motion for summary judgment.'" Berkovitz v. Home Box Office, Inc., 89 F.3d 24, 29 (1st Cir. 1996). "If the pretrial [statement] discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law," the Court may summarily dispose of the case or issue. Portsmouth Square v. Shareholders Protective Comm., 770 F.2d 866, 868-69 (9th Cir. 1985) (emphasis added).

1    <u>If possible, at the time of filing the joint pretrial</u>

2    <u>statement counsel shall also email it in a format compatible with</u>

3    <u>WordPerfect to: geborders@caed.uscourts.gov.</u>

4                          <u>SETTLEMENT CONFERENCE</u>

5        No settlement conference is currently scheduled.  The

6    parties shall address in their joint pretrial statement whether they

7    wish to have a judge-assisted settlement conference.  If counsel wish

8    the trial judge to act as settlement judge, written stipulations to

9    this effect which waive the judge's disqualification from later acting

10   as the trial judge must be filed prior to the scheduling of the

11   settlement conference.  <u>See</u> L. R. 16-270(b).  If the parties wish to

12   participate in Court-assisted settlement prior to the final pretrial

13   conference, they should contact the Deputy Clerk.

14                            <u>TRIAL SETTING</u>

15       Trial is set for April 17, 2007, commencing at 9:00 a.m.

16                            <u>MISCELLANEOUS</u>

17       The parties are reminded that pursuant to Federal Rule of

18   Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall**

19   **not be modified except by leave of Court upon a showing of good cause.**

20   **Counsel are cautioned that a mere stipulation by itself to change**

21   **dates does not constitute good cause.**

22       IT IS SO ORDERED.

23   Dated:  August 17, 2005

24

25                          <u>/s/ Garland E. Burrell, Jr.</u>
                            GARLAND E. BURRELL, JR.
                            United States District Judge
26

27

28

                                  9