| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | ROBERT A. DOLINKO, CA BAR NO. 076256<br>CHRIS BAKER, CA BAR NO. 181557<br>THELEN REID & PRIEST LLP<br>101 Second Street, Suite 1800<br>San Francisco, California 94105-3601<br>Telephone: (415) 371-1200<br>Facsimile: (415) 371-1211<br><br>Attorneys for Defendant<br>THOMSON FINANCIAL INC.<br><br>**FILED**<br><br>AUG 1 0 2006<br><br>**CLERK, U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF CALIFORNIA**<br>BY _____<br>DEPUTY CLERK |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND W. BELLIVEAU,<br><br>Plaintiff,<br><br>vs.<br><br>THOMSON FINANCIAL, INC. and DOES 1-50,<br><br>Defendants. | Case No.: 2:05-cv-01175-GEB-DAD<br><br>**STIPULATION & [PROPOSED] ORDER REGARDING DEFENDANT'S MOTION TO COMPEL FURTHER DISCOVERY** |

Plaintiff Raymond Belliveau and defendant Thomson Financial Inc. ("TF") through their respective attorneys of record, stipulate and ask the Court to order as follows:

### RECITALS

1.  In TF's first request for production of documents, TF requested that Belliveau produce certain categories of documents. Plaintiff responded without objection, either stating that all of documents had been produced or that no documents existed.

2.  At Plaintiff's deposition, Defendant discovered that not all responsive documents were produced. Specifically, Belliveau testified:

    Q.  Do you have a filing cabinet full of Thomson-related documents?
    A.  I don't know if they're Thomson, but all the documents my wife and I deem important, yes.

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

SF #1091634 v1 -1-
STIPULATION AND [PROPOSED] ORDER REGARDING DEFENDANT'S MOTION TO COMPEL FURTHER DISCOVERY

|   |   |   |
|---|---|---|
| 1 | Q. | But have you looked through that filing cabinet for anything with Thomson's name on it or First Call's name on it or Banking & Brokerage? [*Note; First Call and Banking & Brokerage are Thomson-related groups/products*] |
| 2 |   |   |
| 3 | A. | No. |
|   | Q. | Have you looked anywhere else for documents? |
| 4 | A. | No. |
|   | Q. | Could you please review all the documents you have in your house? |
| 5 | A. | Sure. |
|   | Q. | Because I think we've requested all Thomson-related documents, and we need to – |
| 6 | A. | Yeah. |
|   | Q. | – we need to produce them. So could you do that? |
| 7 | A. | Sure. |

Belliveau also testified:

| | | |
|---|---|---|
| Q. | Did you receive the formal offer [*from Plaintiff's new employer*] two to three weeks after the interview, or did you get word that they were gonna offer you the job two to three weeks after – | |
| A. | I think I – | |
| Q. | – the interview | |
| A. | –got the formal offer, letter, from them. | |
| Q. | Do you still have that? | |
| A. | Yes. | |
| Q. | Can you produce that for us? | |

Mr. Biegler [Plaintiff's counsel]: Never. [Note. Plaintiff's counsel was apparently kidding here]

A. I think so.

\* \* \* \*

Q. I think we asked for all documents concerning mitigation of damages, or something like that.

Mr. Biegler. We'll get it to you.

Belliveau also testified:

Q. Now, with regard to the new-business component [*of the TF commission plan*][1], what new business did you bring in in the first year – or, I'm sorry, the first two months of 2003?

A. I would have to maybe go back and look at my commission – Labor Commissioner folder.

Q. And do you have a Labor Commission folder at home?

A. Yes.

Q. And will you guys produce that to us?

Mr. Biegler. We'll have to take a look, make sure that there's – other than attorney-client communication. As far as if it's the claim form, you guys have it, but –

---

[1] Plaintiff claims that a performance improvement plan ("PIP") he received in May 2003 was pretextual because he had actually brought in more "new business" than Thomson had set forth in the "PIP."

| | | |
|---|---|---|
| 1 | Q. | Well, is this documents that were created by Thomson that . . . showed you what your sales were and what your commission was? |
| 2 | A. | Some – some could be, yes. |
| 3 | Q. | And you have a folder of that stuff, correct? |
| | A. | Yes. |

3. Near the end of Plaintiff's first day of deposition, the parties agreed to convene for another day of deposition after Plaintiff had produced responsive documents. The parties also set forth, on the record, which documents would be produced. These were:

    a. All documents concerning commissions supposedly earned by Belliveau, including his Labor Commission folder (except to the extent it contains attorney client communications);

    b. All documents related to Thomson Financial (including one page of blank letterhead for each iteration of the TF department to which Belliveau belonged);

    c. All documents relating to Belliveau's contact(s) with headhunters; and

    d. All documents relating to Belliveau's employment and interviews with Reis (Belliveau's subsequent employer), including the initial offer letter to Belliveau.

Belliveau further agreed to produce the documents by **May 12, 2006.**

4. The documents were not produced on May 12. Based upon Plaintiff's continuing representation that the documents would be produced, Plaintiffs' deposition was re-noticed for June 14. On June 12, TF was forced to cancel this deposition because it had not yet received the responsive documents.

5. Certain Thomson-related documents were, in fact, produced on or around June 12. However, not all the documents TF had requested were produced.

6. TF again requested that responsive documents be produced. TF further stated that if the documents were not produced by June 21, 2006, TF would file a discovery motion.

7. No additional documents were produced by June 21. TF filed a discovery motion.

8. Plaintiff's counsel subsequently made representations that he would produce the documents. On July 25, 2006, Plaintiff produced another batch of documents. The documents were accompanied by a post-it note from Plaintiff's counsel stating simply: "These should satisfy the motion." They did not, for not all responsive documents had been produced.

9. On July 28, 2006, Plaintiff produced additional documents. Still, however, not all of the responsive documents had been produced.

10. TF moved the hearing on its discovery motion three times based on Plaintiff's representation that he would produce all responsive documents. The hearing was originally scheduled for July 28, 2006. TF moved the hearing to August 4 at Plaintiff's request. TF again moved the hearing to August 11 at Plaintiff's request.

11. On August 7, 2006, Plaintiff's counsel wrote the following email to Defense counsel: "We are getting the final remaining documents to you in the next couple of days, but Bob has a hearing on Friday that cannot be moved (we tried), can we move your hearing one last time, with the hope that these last remaining documents will take care of it?"

NOW THEREFORE

## STIPULATION

1. The parties hereby agree and stipulate that Plaintiff will produce by facsimile and federal express the following:

   a. All documents concerning commissions supposedly earned by Belliveau, including his Labor Commission folder (attorney-client communications may be redacted. However, a privilege log shall be provided);

   b. All documents related to Thomson Financial (including one page of blank letterhead for each iteration of the TF department to which Belliveau belonged);

   c. All documents relating to Belliveau's contact(s) with headhunters; and

   d. All documents relating to Belliveau's employment and interviews with Reis (Belliveau's subsequent employer), including the initial offer letter to Belliveau.

2. These documents and any privilege log will be served on Defendant no later than August 15, 2006.

3. Plaintiff and his counsel will declare in writing, under penalty of perjury, that they have produced all documents (both electronic and paper) required to be produced by the Court's order. They will serve this declaration on Defendant no later than August 15, 2006.

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

SF #1091634 v1 -4-
STIPULATION AND [PROPOSED] ORDER REGARDING DEFENDANT'S MOTION TO COMPEL FURTHER DISCOVERY

4. Plaintiff will attend a second day of deposition at Thelen Reid & Priest's San Francisco offices at a time mutually agreeable to the parties or pursuant to an amended notice of deposition.

5. Defendant will take the motion to compel, currently scheduled for August 11, 2006, off of the Court's calendar.

6. If Plaintiff breaches this Stipulation and Order, Plaintiff will not object to the Court awarding Defendant any and all permissible sanctions relating to (1) the original discovery motion and (2) the subsequent failure to comply with this Court's Order.

Dated: August 9, 2006  BIEGLER ORTIZ & CHAN

By: /s/ Robert P. Biegler, Esquire
ROBERT P. BIEGLER
Attorneys for Plaintiff
RAYMOND BELLIVEAU

Dated: August 9, 2006  THELEN REID & PRIEST LLP

By: /s/ Chris Baker, Esquire
ROBERT A. DOLINKO
CHRISTOPHER D. BAKER
DEBORAH R. SCHWARTZ
Attorneys for Defendant
THOMSON FINANCIAL INC.

# ORDER

It is ordered that Plaintiff Raymond Belliveau will produce to Defendant Thomson Financial, Inc. the following:

a. All documents concerning commissions supposedly earned by Belliveau, including his Labor Commission folder (attorney-client communications may be redacted. However, a privilege log shall be provided);

b. All documents related to Thomson Financial (including one page of blank letterhead for each iteration of the TF department to which Belliveau belonged);

c. All documents relating to Belliveau's contact(s) with headhunters; and

d. All documents relating to Belliveau's employment and interviews with Reis (Belliveau's subsequent employer), including the initial offer letter to Belliveau.

These documents and the privilege log will be served by facsimile and Federal Express on TF no later than August 15, 2006.

In addition, Plaintiff and his counsel will declare in writing, under penalty of perjury, that they have produced all documents (both electronic and paper) that must be produced pursuant to this Order. They will serve this declaration on TF no later than August 15, 2006.

If Plaintiff violates this Order, the Court may award Defendant, in its discretion, any and all permissible sanctions relating to TF's original discovery motion and Plaintiff's failure to comply with this Order.

Dated: 8/9/06

UNITED STATES ~~DISTRICT~~/MAGISTRATE JUDGE