IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND W. BELLIVEAU,   )
                        )   2:05-cv-1175-GEB-DAD
            Plaintiff,  )
                        )
     v.                 )   ORDER*
                        )
THOMSON FINANCIAL, INC.,)
                        )
            Defendant.  )
_____)

Defendant moves for summary judgment on all of Plaintiff's claims. Plaintiff opposes this motion.

BACKGROUND

Plaintiff filed a Fair Employment and Housing Act ("FEHA") Complaint of Discrimination with his employer, Defendant, alleging age discrimination. (Baker Decl. Ex. 4.) On April 16, 2004, Plaintiff received his right to sue notice. (Statement of Undisputed Material Facts ("SUF") ¶ 2.) The right to sue notice stated that any civil action arising from his complaint of age discrimination "must be filed within one year from the date of this letter." (Baker Decl. Ex. 5.)

---

\* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

On November 12, 2004, Plaintiff filed a complaint in the Superior Court for the County of Sacramento alleging age discrimination and unlawful retaliation after reporting the alleged age discrimination under FEHA ("Action 1"), which Defendant removed to this Court based on diversity jurisdiction. (Notice of Removal Jan. 28, 2005.) Plaintiff subsequently stipulated to a dismissal of all claims without prejudice on March 24, 2005.[1] (SUF ¶ 3.) On April 21, 2005, Plaintiff filed the present lawsuit in the Superior Court for the County of Sacramento ("Action 2"), which Defendant removed to this Court based on diversity jurisdiction. (Notice of Removal June 13, 2005, ¶¶ 5-7.)

## DISCUSSION[2]

### I. Statute of Limitations for FEHA Claims

Defendant argues Plaintiff's FEHA claims for age discrimination, harassment, and unlawful retaliation fail because Action 2 was filed more than one year after Plaintiff received his right to sue notice. (P. & A. at 11.) Plaintiff rejoins "28 U.S.C. § 1367(d) compels tolling [California's] statute of limitations when a Federal Court matter is dismissed[,]" indicating that the voluntary dismissal of Action 1 was under section 1367(d) and therefore, Plaintiff had a 30 day time period within which to file a second state action. (Pl.'s Opp'n at 1.) Plaintiff contends since Action 2 was commenced in state court within this 30 day period, Defendant's statute of limitations argument fails. (Id.)

---

[1] This stipulation is document #5 in case number 2:05-cv-186-GEB-GGH.

[2] The standards for summary judgment are well known and need not be repeated here.

2

Accordingly, the issue is whether section 1367(d) applies to the claims dismissed in Action 1. Section 1367(d) provides:

> The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

The first two clauses make clear that this tolling provision applies only to those cases in which jurisdiction is premised on section 1367(a).

Section 1367(a) states "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, jurisdiction in Action 1 was not premised on supplemental jurisdiction under section 1367(a); it was premised on diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal Jan. 28, 2005, ¶¶ 3-5.) Since jurisdiction was not based on section 1367(a), section 1367(d) is inapplicable to the dismissal of Action 1. See Brengettcy v. Horton, 2006 WL 1793570, at *9 (N.D. Ill. May 5, 2006) ("Section 1367(d) tolls pending claims (so long as they are asserted under [s]ection 1367(a))."). Thus, since Action 1 was "dismissed without prejudice," that dismissal "leaves the situation the same as if [Action 1] had never been brought in the first place." Humphreys v. U.S., 272 F.2d 411, 412 (9th Cir. 1959). Action 2 was filed more than one year after Plaintiff received his right to sue notice; therefore, Plaintiff's FEHA claims are barred by California's one year statute of limitations. See Cal. Gov. Code § 12965(a).

## II. Wrongful Termination in Violation of Public Policy

Defendants also seek summary judgment on Plaintiff's wrongful termination claim. Defendants assert Plaintiff was neither fired, nor constructively discharged, and therefore, he cannot maintain an action for wrongful termination. (P. & A. at 18.) Plaintiff rejoins he was constructively discharged. (Pl.'s Opp'n at 3.)

To prove constructive discharge, an employee must show intolerable working conditions under an objective standard, and that the employer had knowledge of or the intent to allow the intolerable working conditions to continue. Turner v. Anheuser-Busch Inc., 7 Cal. 4th 1238, 1246-1248 (1994). Intolerable working conditions must be "sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a livelihood." Id. at 1246.

Plaintiff's assertion of constructive discharge is premised on his receipt of a performance improvement plan ("PIP") that established expectations for job improvement with which Plaintiff was required to comply to maintain his employment. (Belliveau Depo. at 190:6-22.) Plaintiff declares: "I felt I had no choice but to quit after receiving the PIP. The PIP was based on erroneous/incorrect sales information. I understood from the way [Defendant] had treated me after my complaints . . . that [Defendant] was 'setting me up' for termination. I could not work under these conditions." (Pl.'s Decl. ¶ 11.) However, Plaintiff admits the PIP was reasonable and he was not concerned about his ability to meet the expectations. (Belliveau Depo. at 190:6-22; 192:7-20.) Plaintiff's poor performance rating

"or . . . demotion, even [if] accompanied by a reduction in pay, d[id] not by itself trigger a constructive discharge." Id. at 1247. Therefore, merely placing Plaintiff on a PIP is insufficient for Plaintiff to show the working conditions were intolerable.

In addition, Plaintiff has produced no evidence to show the working conditions were objectively intolerable. Rather, Plaintiff presents subjective evidence declaring he "felt [he] had no choice but to quit," "could not work under th[e] conditions," and "resigned believing [his] ability to remain . . . had been made impossible." (Pl.'s Decl. ¶¶ 11, 13.) Despite his assertion that he felt constructively discharged, Plaintiff concedes that while working for Defendant, "no one . . . said anything that was inappropriate to him and no one acted in an unprofessional manner towards him. No one . . . harassed him, and no one . . . commented on his age in any way during this time frame." (SUF ¶ 34.) Since Plaintiff failed to produce any evidence that the working conditions were objectively intolerable, Defendant's motion for summary judgment on Plaintiff's constructive discharge claim is granted.

III. Intentional Infliction of Emotional Distress

Finally, Defendants seek summary judgment on Plaintiff's intentional infliction of emotional distress ("IIED") claim, arguing that this claim fails because personnel decisions "do not constitute 'outrageous conduct' as a matter of law." (P. & A. at 23.) Plaintiff does not respond to this argument.

Since Plaintiff admits no one acted in an unprofessional manner during his employment with Defendant, Plaintiff's IIED claim can only be based on his claim of harassment based on use of the PIP and his contention that he was subject to disparate pay because of his

age. (SUF ¶ 34.) However, under California law, "[m]anaging personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society." Janken v. GM Hughes Electronics, 46 Cal. App. 4th 55, 80 (2d Dist. 1996). Therefore, Plaintiff's simple "pleading of personnel management activity is insufficient to support a claim of [IIED], even if improper motivation is alleged. If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination." Id.

Plaintiff offers no evidence of extreme or outrageous conduct by Defendant other than the personnel decision to place him on a PIP and his earning a disparate wage because of his age. Therefore, Plaintiff's IIED claim fails as a matter of law. Plaintiff's only remedy for the alleged action was his claim for age discrimination, which is barred for untimeliness.

CONCLUSION

Defendant's summary judgment motion is granted on all claims. Judgment shall be entered for Defendant.

IT IS SO ORDERED.

Dated: December 5, 2006

GARLAND E. BURRELL, JR.
United States District Judge