IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| RAYMOND BELLIVEAU, | ) | |
| | ) | 2:05-cv-1175-GEB-DAD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER* |
| | ) | |
| THOMSON FINANCIAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Defendant moves for costs and attorney's fees under 28 U.S.C. § 1927 ("section 1927") and California Government Code section 12965 ("section 12965").[1]  Defendant argues it is entitled to attorney's fees under section 1927 because "Plaintiff's counsel . . . has violated § 1927 by unreasonably and vexatiously multiplying the proceedings in this case" since "[t]he frivolous nature of Plaintiff's *entire* claim was patently clear no later than November 17, 2005." (Def.'s Mot. at 11:21-24.)  Plaintiff opposes this motion and moves to

---

[*]     This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

[1]     Although Defendant references costs in this motion, the cost issue will be determined as prescribed in Local Rule 54-292.

1

strike the motion pursuant to California Code of Civil Procedure
section 425.16, California's Anti-SLAPP provision.

BACKGROUND

Defendant filed this motion for attorney's fees after an
order issued December 6, 2006 granting summary judgment on all
Plaintiff's claims. (Id. at 1.)  Plaintiff's Complaint alleged age
discrimination under the California Fair Employment and Housing Act
("FEHA"), wrongful termination, and intentional infliction of
emotional distress. (Not. of Removal I, No. 05-186, Ex. A.)
Plaintiff's FEHA claims were barred by the statute of limitations, his
wrongful termination claim failed because Plaintiff admitted he was
never treated in an inappropriate manner, and his intentional
infliction of emotional distress claim failed as a matter of law.
(Order, Dec. 6, 2006, at 3, 5.)

Plaintiff initially filed his Complaint in state court, but
Defendant removed the action to this district alleging diversity
jurisdiction. (Not. of Removal I, No. 05-186, at 2.)  Plaintiff
subsequently voluntarily dismissed his Complaint. (Stipulated
Dismissal at 2.)  Plaintiff then re-filed his lawsuit against
Defendant in state court after the statute of limitations had run on
his FEHA claims. (Not. of Removal II, Ex. A.)  Defendant again
removed the action alleging diversity jurisdiction was an appropriate
basis for removal. (Id. at 2-3.)

On May 5, 2006, Defendant informed Plaintiff his FEHA claims
were barred by the statute of limitations and requested Plaintiff
dismiss those claims. (Decl. of Chris Baker in Supp. of Def.'s Mot.
for Att'ys Fees ("Baker Decl."), Ex. 3, at 1.)  Plaintiff did not
dismiss his FEHA claims, even though Plaintiff admitted during his

deposition on May 4, 2006, that he was never harassed at work because
of his age, or for any other reason.  (Id., Ex. 10, at 91-92, 123-24,
168, 184, 211-13.)  In addition, Plaintiff's May 4 deposition
testimony contains the admission concerning his salary, that he was in
the "same boat" as the other members of his sales group and that he
had never mentioned to anyone employed by Defendant that he believed
his lower salary was related to his age rather than the sales group to
which he belonged.[2]  (Id., Ex. 10, at 163-64, 166.)

In addition, at his May 4 deposition Plaintiff admitted he
had not looked anywhere for documents that were responsive to a
Request for Production of Documents from Defendant even though he
stated he had a filing cabinet full of documents relating to his
employment with Defendant.  (Id., Ex. 10, at 59-60, 99-100.)
Plaintiff agreed to produce the documents by May 12, 2006.  (Id., Ex.
10, at 229.)  Plaintiff did not produce any documents until August 9,
2006, after Defendant filed a motion to compel production.  (Id., Ex.
17, at 4-5.)

After receipt of the documents, Defendant requested
Plaintiff dismiss his Complaint because of the lack of evidence and
the admissions Plaintiff made in his May 4 deposition testimony.
(Id., Ex. 18, at 1.)

<u>DISCUSSION</u>

I.  <u>Anti-SLAPP</u>

Plaintiff argues that "Defendant's motion [should] be
stricken pursuant to [California Code of Civil Procedure] § 425.16,"

---

[2]   Further, during Plaintiff's deposition testimony on September
25, 2006, he expressly stated he did not believe his lower salary was a
result of his age.  (Baker Decl., Ex. 10, at 272.)

contending that the "motion is . . . designed to 'chill' [Plaintiff] and his counsel's 'protected speech.'" (Pl.'s Opp'n at 10:25; 12:2-3.) Defendant rejoins this section "only applies to complaints, cross-complaints, and petitions" and not to a motion for attorney's fees. (Def.'s Reply at 2:19-21.)

The anti-SLAPP statute makes clear that a party is entitled to move to strike from a complaint, as well as from cross-complaints and petitions, a claim that is "brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Civ. Proc. Code § 425.16(a), (h). The rationale underlying the statute is to eliminate a claim that arises from protected speech. See Jarrow Formulas, Inc. v. LaMarche, 31 Cal. 4th 728, 733 (2003). However, nothing in the statute or relevant case law indicates the statute applies to Defendant's motion for attorney's fees. Therefore, Plaintiff's request to strike Defendant's motion is denied.

II.  Section 1927

Defendant seeks attorney's fees from Plaintiff's counsel under section 1927 arguing Plaintiff's counsel unreasonably and vexatiously multiplied the proceedings in this case. (Def.'s Mot. at 11:21-22.) Plaintiff's counsel rejoins that fees are only appropriate when there is evidence of bad faith and asserts Plaintiff's claims were brought in good faith. (Pl.'s Opp'n at 13:11-19.) Defendant counters that it was bad faith for Plaintiff's counsel to pursue an objectively frivolous claim. (Def.'s Mot. at 11:23, 12:25.)

Section 1927 states:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and

4

> vexatiously may be required by the court to
> satisfy personally the excess costs, expenses, and
> attorneys' fees reasonably incurred because of
> such conduct.

The Ninth Circuit has held that the language "unreasonably and vexatiously" prescribed in section 1927 requires a finding of "intent, recklessness or bad faith." Barnd v. Tacoma, 664 F.2d 1339, 1343 (9th Cir. 1982); B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1107 (9th Cir. 2002) ("[R]ecklessness suffices for § 1927.")

        Plaintiff's counsel knew or should have known, after hearing Plaintiff's deposition testimony on May 4, 2006, that Plaintiff had not been harassed or treated inappropriately by anyone employed by Defendant, that Plaintiff believed his lower salary was a result of the sales group he worked in, and that no one employed by Defendant had ever made a comment suggesting that Plaintiff's age was a factor in his employment or his salary. (Baker Decl., Ex. 10, at 91-92, 163-64, 166.) Therefore, by this date Plaintiff's counsel knew, or recklessly disregarded the fact that, he was pursuing discrimination and harassment claims for which Plaintiff had no supporting evidence. See W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1528 (9th Cir. 1990) (upholding sanctions under section 1927 when "counsel recklessly proceeded with the litigation despite a complete lack of factual support").

        Accordingly, Defendant's motion for attorney's fees against Plaintiff's counsel under section 1927 is granted for fees incurred after May 4, 2006 through December 6, 2006 when summary judgment was granted.

III.  <u>Section 12965</u>

        Defendant also seeks to recover attorney's fees under section 12965 from both Plaintiff and his counsel for work done on Plaintiff's FEHA claims based on Defendant's prevailing party status. (Def.'s Mot. at 14:2-3.)  Plaintiff does not directly respond to this argument, but states that "any award of attorney's fees to Defendant would be inappropriate" because "Plaintiff proceeded in good faith." (Pl.'s Opp'n at 13:25, 14:27.)

        Section 12965 states that "[i]n actions brought under [FEHA], the court, in its discretion, may award to the prevailing party reasonable attorney's fees and costs."  However, attorney's fees are only appropriate when a party prevails on the merits of the FEHA claim.  <u>See</u> <u>Hon v. Marshall</u>, 53 Cal. App. 4th 470, 479 (1997) (stating attorney's fees were unavailable when the defendant prevailed because the plaintiff failed to exhaust administrative remedies, "a determination which required no consideration of the merits of [plaintiff's] discrimination and harassment claims").

        Plaintiff's FEHA claims were not decided on the merits; rather, summary judgment was granted based on Defendant's statute of limitations defense. (Order, Dec. 6, 2006, at 3.)  Therefore, Defendant was not a "prevailing party" within the meaning of section 12965.  <u>Hon</u>, 53 Cal. App. 4th at 479.  This portion of the motion is denied.

IV.  <u>Calculating Fees</u>

        Defendant requests $103,597.50 in attorney's fees.  (Def.'s Mot. at 17:8-9.)  Defendant requests an hourly rate of $380-400 for the partner who served as the lead attorney on the case, $445-495 for the senior partner who oversaw the case, $425 for one associate, and

$260-$340 for three other associates who worked on the case.  (<u>Id.</u> at

16:14-17:6.)  These are the rates Defendant paid for the work done on

the case.  (Baker Decl., Ex. 21.)  Plaintiff does not address either

the reasonableness of Defendant's hourly rate or the reasonableness of

the hours expended.

The lodestar method is used to calculate reasonable

attorney's fees by multiplying "a reasonable hourly rate by the number

of hours reasonably expended on the litigation." <u>Widrig v. Apfel</u>, 140

F.3d 1207, 1209 (9th Cir. 1998).  "In order to decide what rate is

reasonable, courts look at prevailing market rates in the relevant

community." <u>J.C. v. Vacaville Unified Sch. Dist.</u>, 2007 U.S. Dist.

LEXIS 2475, at *14 (E.D. Cal. Jan. 10, 2007).  "Generally, the

relevant community is the forum in which the district court sits."

<u>Id.</u>  "[Defendant's] calculation of attorneys' fees uses the reasonable

rate for partners [and] associates . . . in [San Francisco], where the

attorneys' law firm is located.  [Defendant] ha[s] not established

that this action required unique expertise that could not be obtained

locally.  Thus, the court will not assess the prevailing rates of the

[San Francisco] area." <u>Cal. State Outdoor Adver. Ass'n v. Cal.</u>, 2006

U.S. Dist. LEXIS 11174, at *35 (E.D. Cal. Mar. 2, 2006).

Defendant has not shown what rate is reasonable for partners

working in this community.  "Judges in this district have consistently

found $250 per hour to be a reasonable rate for an experienced

attorney working in this community." <u>DirecTV, Inc. v. Atwal</u>, 2005

U.S. Dist. LEXIS 43784, at *7 (E.D. Cal. Jun. 8, 2005).  Therefore,

$250 is considered a reasonable hourly rate for both partners who

worked on this case.  Nor has Defendant shown what rate is reasonable

for associates in this community, however, "[j]udges in this district

have repeatedly found that [a] reasonable rate[] in this district [is] . . . $150 for associates." Eiden v. Thrifty Payless Inc., 407 F. Supp. 2d 1165, 1171 (E.D. Cal. 2005).  Therefore, $150 is considered a reasonable rate for all four associates who worked on the case.

Defendant requests fees for 266.3 hours; however, Defendant is only entitled to recover attorney's fees for the hours billed after May 4, 2006 when it became unreasonable for Plaintiff's counsel to continue litigating this action.  From May 5, 2006 through December 6, 2006, Defendant billed 141.5 hours for partner work and 12.35 hours for associate work, totaling $37,227.50 in attorney's fees.  (Baker Decl., Ex. 21 at 45-69.)  Therefore, Defendant is entitled to recover $37,227.50 in attorney's fees from Plaintiff's counsel.

<u>CONCLUSION</u>

For the stated reasons, Defendant's motion for attorney's fees is granted against Plaintiff's counsel in the amount of $37,227.50.

IT IS SO ORDERED.

Dated:  June 5, 2007

GARLAND E. BURRELL, JR.
United States District Judge